CT Corporation

**Service of Process
Transmittal**
07/27/2009
CT Log Number 515194122

**TO:**  Randolph Wiseman
Nationwide Mutual Insurance Company
One Nationwide Plaza 1-38-11
Columbus, OH 43215-2220

**RE:**  **Process Served in Louisiana**

**FOR:**  Scottsdale Insurance Company (Domestic State: OH)

RECEIVED
JUL 2 8 2009
CLAIMS LEGAL

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jackson Square Towne House Homes Association, Inc., Petitioner vs. Scottsdale Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Citation, Petition |
| **COURT/AGENCY:** | 1st Judicial District Court, Parish of Caddo, LA Case # 532792-B |
| **NATURE OF ACTION:** | Insurance Litigation - Seeking Declaratory Judgment - Dft. owes coverage under their policy of insurance issued to the Petitioner for the erosion damages to the ditch owned by the Caddo Parish Levee Board |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/27/2009 postmarked on 07/24/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days |
| **ATTORNEY(S) / SENDER(S):** | Tommy J. Johnson Tyler & Johnson, L.L.C. 6007 Financial Plaza, Suite 707 Shreveport, LA 71129 318-688-1136 |
| **REMARKS:** | Process forwarded by the Louisiana Secretary of State on 07/24/2009. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/27/2009, Expected Purge Date: 08/01/2009 Image SOP |
| **SIGNED:** | C T Corporation System |
| **PER:** | Lisa Uttech |
| **ADDRESS:** | 5615 Corporate Blvd Suite 400B Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

Page 1 of  1 / JL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT
A**

# STATE OF LOUISIANA
# SECRETARY OF STATE

LEGAL SERVICES SECTION
P.O. BOX 94125, BATON ROUGE, LA 70804-9125
(225) 922-0425

7/24/09

SCOTTSDALE INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
5615 CORPORATE BLVD., STE. 400B
BATON ROUGE, LA 70808

SUIT NO: 532792
FIRST JUDICIAL DISTRICT COURT
PARISH OF CADDO

JACKSON SQUARE TOWNE HOUSE HOMES ASSOC.
vs
SCOTTSDALE INSURANCE COMPANY

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding.
Please call the attorney that filed this document if you have any questions
regarding this proceeding.  If you received this document in error, please
return it to the above address with a letter of explanation.

Yours very truly,

JAY DARDENNE
Secretary of State

Served on: JAY DARDENNE                 Date:  7/23/09 at  3:00 PM
Served by: J BROWN                      Title: DEPUTY SHERIFF

| Received | Number | Date | Paid By | Amount |
|---|---|---|---|---|
| CHECK/M.O. | 143529 | 7/17/09 | COC (CADDO) | 25.00 |

EA

## NO. 726991



## *Citation*

JACKSON SQUARE TOWNE HOUSE HOMES ASSOCI NO. 532792-B
          STATE OF LOUISIANA
*VERSUS*         PARISH OF CADDO
          FIRST JUDICIAL DISTRICT COURT

SCOTTSDALE INSURANCE COMPANY

THE STATE OF LOUISIANA:  TO  SCOTTSDALE INSURANCE COMPANY
          THRU HONORABLE SECRETARY OF STATE
          BATON ROUGE LA  70809

         of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date July 16, 2009.

*Also attached are the following:    GARY LOFTIN, CLERK OF COURT
   REQUEST FOR ADMISSIONS OF FACTS   MIKE SPENCE, CHIEF DEPUTY
   INTERROGATORIES
   REQUEST FOR PRODUCTION OF DOCUMENTS  By: _____
                Deputy Clerk

      SERVED ON    TOMMY JOHNSON - 2816
      JAY DARDENNE      Attorney

      JUL 23 2009

           A TRUE COPY -- ATTEST ·

NOTICE:  ALL PARTIES ARE   SECRETARY OF STATE
EXPECTED TO COMPLY WITH   COMMERCIAL DIVISION
ALL LOCAL COURT RULES
INCLUDING BUT NOT LIMITED        _____
TO RULE 12 OF FAMILY LAW         Deputy Clerk
DIVISION RULES.

-----------------------------------------------------------------------

   These documents mean you have been sued. Legal assistance is
advisable and you should contact a lawyer immediately. If you want a
lawyer and cannot find one, please call the Shreveport Lawyer Referral
Service at 222-0720. The Shreveport Lawyer Referral Service is affiliated
with the Shreveport Bar Association. If eligible, you may be entitled to
legal assistance at no cost to you through Legal Services of North
Louisiana, Inc; please call 222-7281 for more information.

   JUDGES AND COURT PERSONNEL, INCLUDING THE SHERIFF AND CLERK OF COURT
EMPLOYEES, CANNOT GIVE LEGAL ADVICE.

   If you are a person with a disability, reasonable accomodation and
assistance may be available to allow for your participation in the court
proceedings. Please contact the Clerk of Court's office for more information.

   **SERVICE COPY**

RECEIVED
JUL 2 8 2009
CLAIMS LEGAL

JACKSON SQUARE TOWNE HOUSE
HOMES ASSOCIATION, INC.

VERSUS

SCOTTSDALE INSURANCE COMPANY

* NUMBER: 532792 B

* FIRST JUDICIAL DISTRICT COURT

* CADDO PARISH, LOUISIANA

RECEIVED

JUL 2 8 200

CLAIMS LEGA

PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Jackson Square Towne House Homes Association, Inc., a non-profit corporation organized under the laws of the State of Louisiana and domiciled and doing business in Caddo Parish, Louisiana with respect represents:

1.

Made Defendant herein are:

a.    SCOTTSDALE INSURANCE COMPANY, a foreign insurance carrier authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, Secretary of State, Jay Dardenne, 3851 Essen Lane, State Archives Building, Baton Rouge, Louisiana 70809;

2.

Petitioner avers that it is a non-profit corporation organized under the laws of the State of Louisiana for the purpose of benefiting the home owners of said association who are the only members of the association.

3.

Petitioner avers that it purchase liability insurance coverage from the defendants for the periods coverage by the terms of the policy

4.

Petitioner avers that during of the course of the policy periods of the Defendant, the Petitioner through its agents maintained perimeter walls and driveways on the common ground of Petitioner.

5.

Petitioner shows that during of the course of the policy periods of the Defendant that the driveway and perimeter wall at the location nearest to a drainage ditch owned by the Caddo Parish Levee Board encroached upon the property of the Caddo Parish Levee Board and this fact was unbeknownst to Petitioner.

6.

Petitioner avers that during of the course of the policy periods of the Defendant that water has been diverted from driveway at this location and it has caused erosion to drainage ditch and land owned by the Caddo Parish Levee Board and this occurrence

manifested itself in July, 2007 and was first discovered in July, 2007.

7.

Petitioner avers that it first discovered the erosion problem in July, 2007, from the Caddo Parish Levee Board and requested to repair the erosion problem which was during the policy period of SCOTTSDALE INSURANCE COMPANY.

8.

Petitioner notified SCOTTSDALE INSURANCE COMPANY and requested that it pay for the repair of the erosion problem but Scottsdale has failed to pay and raised coverage defenses.

10.

Petitioner has been provided defendant with a statement of repairs and Defendant has continued to claim they are investigating this matter into January, 2009, and has failed to pay for the repairs to the ditch.

11.

Petitioner desires a declaratory judgment against the defendant declaring coverage for the damages sustained by the Caddo Parish Levee Board for the erosion in the drainage ditch.

WHEREFORE, Petitioner, Jackson Square Towne House Homes Association, Inc., prays:

I. SCOTTSDALE INSURANCE COMPANY be served with a copy of this petition and that after all legal delays and due proceedings had that there be judgment herein declaring that SCOTTSDALE INSURANCE COMPANY owes coverage under their policy of insurance issued to Jackson Square Towne House Homes Association, Inc., for the erosion damages to the ditch owned by the Caddo Parish Levee Board. Further prays for all general and equitable relief of these proceedings.

Respectfully submitted,
TYLER & JOHNSON, L.L.C.

Tommy D. Johnson, Bar # 7332
6007 Financial Plaza, Suite 707
Shreveport, Louisiana 71129
Telephone:   318-688-1136
Facsimile:   318-688-4019
ATTORNEY FOR PLAINTIFFS

Please issue service to:
SCOTTSDALE INSURANCE COMPANY
through its agent for service of process
Secretary of State
3851 Essen Lane
Baton Rouge, Louisiana 70809

ENDORSED FILED
ERIN LATTIN, Deputy Clerk

JUL 16 2009

A TRUE COPY — Attest
CADDO PARISH DEPUTY CLERK

**JAY DARDENNE**
**SECRETARY OF STATE**
**P.O. BOX 94125**
**BATON ROUGE, LÁ 70804-9125**

 

UNITED STATES POSTAGE
**$ 04.70⁰**
02  1M
0004234138   JUL 24 2009
MAILED FROM ZIP CODE

7009 0060 0001 0293 1758

SS151

JACKSON SQUARE TOWNE HOUSE HOMES ASSOCIATION, INC.

1ST JUDICIAL DISTRICT COURT

VERSUS

DOCKET NO. 532792B

SCOTTSDALE INSURANCE COMPANY

CADDO PARISH

STATE OF LOUISIANA

FILED: _____

DEPUTY CLERK

**FILED**

SEP 1 8 2009

ERIN LATTIN
DEPUTY CLERK OF COURT

## SCOTTSDALE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes defendant, Scottsdale Insurance Company ("Scottsdale "), and in response and answer to the Petition for Declaratory Judgment (the "Petition") of Plaintiff, Jackson Square Towne House Homes Association, Inc. (the "Jackson Association" or "Plaintiff"), respectfully answers as follows:

1.

The allegations of both the unnumbered introductory paragraph and Paragraph 1 of the Petition make no claim against Scottsdale and contain conclusions of law such that a response is not required.

To the extent a response is required, Scottsdale admits only that it is an unauthorized, foreign insurance company permitted by the Louisiana Department of Insurance to sell surplus lines policies in Louisiana. In all other respects, the allegations of said paragraph are denied for lack of knowledge, information, or belief sufficient to justify a belief therein.

2.

Paragraph 2 of the Petition makes no claim against Scottsdale and contains conclusions of law such that a response is not required. To the extent a response is required, Scottsdale denies the allegations of said paragraph for lack of knowledge, information, or belief sufficient to justify a belief therein.

3.

As to Paragraph 3 of the Petition, Scottsdale admits only that it issued Policy No. CLS1280344 (the "Policy"), effective May 2, 2007 – May 2, 2008, to "Jackson Square Townehouse Homes Assoc., Inc." In all other respects, the allegations of said paragraph are denied. Scottsdale avers that the Policy is a written document which is the best evidence of its own terms, conditions, provisions, limitations, endorsements, and exclusions and specifically

denies any implication that the Policy provides any coverage for the claims and/or damages at
issue in this litigation.

4.

Paragraph 4 of the Petition makes no claim against Scottsdale and contains conclusions
of law such that a response is not required. To the extent a response is required, Scottsdale
denies the allegations of said paragraph for lack of knowledge, information, or belief sufficient to
justify a belief therein.

5.

Paragraph 5 of the Petition makes no claim against Scottsdale and contains conclusions
of law such that a response is not required. To the extent a response is required, Scottsdale
denies the allegations of said paragraph for lack of knowledge, information, or belief sufficient to
justify a belief therein.

6.

Paragraph 6 of the Petition makes no claim against Scottsdale and contains conclusions
of law such that a response is not required. To the extent a response is required, Scottsdale
denies the allegations of said paragraph for lack of knowledge, information, or belief sufficient to
justify a belief therein.

7.

As to Paragraph 7 of the Petition, Scottsdale admits only that a demand was made on
Scottsdale for alleged erosion losses and that Scottsdale, at all times, handled the demand in
good faith and full compliance with all legal requirements. Scottsdale avers that the present
litigation involves a disputed claim for which there is no coverage under any policy of insurance
issued by Scottsdale, that the Policy is a written document which is the best evidence of its own
terms, conditions, provisions, limitations, endorsements, and exclusions, and specifically denies
any implication that the Policy provides any coverage for the claims and/or damages alleged.

In all other respects, Scottsdale denies the allegations of said paragraph for lack of
knowledge, information, or belief sufficient to justify a belief therein.

8.

As to Paragraph 8 of the Petition, Scottsdale admits only that a demand was made on
Scottsdale for alleged erosion losses and that Scottsdale, at all times, handled the demand in
good faith and full compliance with all legal requirements. Scottsdale avers that the present

2

litigation involves a disputed claim for which there is no coverage under any policy of insurance issued by Scottsdale, that the Policy is a written document which is the best evidence of its own terms, conditions, provisions, limitations, endorsements, and exclusions, and specifically denies any implication that the Policy provides any coverage for the claims and/or damages alleged.

In all other respects, the allegations of said paragraph are denied.

9.

As to Paragraph 10 of the Petition, Scottsdale admits only that alleged representatives of the Jackson Association submitted to Scottsdale a "lump sum" value for alleged damages, with no explanation or qualification as to how the "lump sum" value was derived or to what alleged losses it pertained. Scottsdale avers that it has repeatedly requested said information from the Jackson Association, has made multiple and continuous attempts to investigate the Jackson Association's demands in good faith and full compliance with all legal requirements, and that the Jackson Association has, as of the filing of this Answer, failed and/or refused to provide Scottsdale with said information as required by both the terms of the Policy and Louisiana law. Further, the Jackson Association's failure and/or refusal to provide this information has hindered and/or prejudiced Scottsdale's ability to investigate and/or resolve the Jackson Association's demands. In all other respects, the allegations of said paragraph are denied.

Scottsdale avers that the present litigation involves a disputed claim for which there is no coverage under any policy of insurance issued by Scottsdale, that the Policy is a written document which is the best evidence of its own terms, conditions, provisions, limitations, endorsements, and exclusions, and specifically denies any implication that the Policy provides any coverage for the claims and/or damages alleged.

10.

Paragraph 11 of the Petition makes no claim against Scottsdale and contains conclusions of law such that a response is not required. To the extent a response is required, Scottsdale denies the allegations of said paragraph for lack of knowledge, information, or belief sufficient to justify a belief therein. Scottsdale avers that the present litigation involves a disputed claim for which there is no coverage under any policy of insurance issued by Scottsdale, that the Policy is a written document which is the best evidence of its own terms, conditions, provisions, limitations, endorsements, and exclusions, and specifically denies any implication that the Policy provides any coverage for the claims and/or damages alleged.

3

11.

The unnumbered paragraph following paragraph 11 of the Petition contains conclusions of law to which a response is not required. To the extent a response is required, the allegations of said paragraph are denied. Scottsdale avers that the present litigation involves a disputed claim for which there is no coverage under any policy of insurance issued by Scottsdale, that the Policy is a written document which is the best evidence of its own terms, conditions, provisions, limitations, endorsements, and exclusions, and specifically denies any implication that the Policy provides any coverage for the claims and/or damages alleged.

## AFFIRMATIVE DEFENSES

AND NOW, in further answering the Petition, Scottsdale asserts the following affirmative defenses.

### First Affirmative Defense

To the extent they are not inconsistent with Scottsdale's answer or other affirmative defenses asserted herein, Scottsdale adopts by reference each and every affirmative defense or exception pled by any other party in this litigation as though copied herein *in extenso*.

### Second Affirmative Defense

Scottsdale pleads all of the warranties, terms, definitions, provisions, conditions, endorsements, exclusions, and limitations of the Policy as if fully set forth herein *in extenso*, and Scottsdale specifically reserves the right to assert any defenses to coverage based on any of said Policy's warranties, terms, definitions, provisions, conditions, endorsements, exclusions, and limitations not specifically listed herein as affirmative defenses.

### Third Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that any alleged loss, injury or damage which may have taken place, took place, in whole or in part, outside of the Policy's effective dates of coverage.

### Fourth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that any alleged damage neither relates to nor constitutes "bodily injury" or "property damage" under the Policy.

### Fifth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that any

NO.99974163.1

alleged damage was not caused by an "occurrence" under the Policy.

### Sixth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that said claims are excluded from coverage pursuant to the Policy's Damage To Property Exclusion.

### Seventh Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that said claims are excluded from coverage pursuant to the Policy's Damage To Your Product Exclusion.

### Eighth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that said claims are excluded from coverage pursuant to the Policy's Damage To Your Work Exclusion.

### Ninth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that said claims are excluded from coverage pursuant to the Policy's Expected or Intended Injury Exclusion.

### Tenth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that said claims are excluded from coverage pursuant to the Policy's Contractual Liability Exclusion.

### Eleventh Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that said claims are excluded from coverage pursuant to the Policy's Subsidence Exclusion.

### Twelfth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that said claims are excluded from coverage pursuant to the Policy's Ongoing Damage and/or Known Loss provisions.

### Thirteenth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that said claims are excluded from coverage pursuant to the Policy's Damage to Impaired Property or Property Not Physically Injured Exclusion.

### Fourteenth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent any named insured, "insured," or "additional insured" breached one or more of the duties, terms,

NO.99974163.1

restrictions, and/or conditions of the Policy, including but not limited to the duty to cooperate, the duty to notify, and the duty to provide information.

### Fifteenth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, due to the existence of other insurance coverage, and Scottsdale is entitled to all appropriate set-offs and/or credits.

### Sixteenth Affirmative Defense

Plaintiff's claims against Scottsdale are barred, in whole or in part, to the extent that any person or entity asserting a claim under the Policy voluntarily assumed liability/responsibility and/or made payments voluntarily or in any way compromised Scottsdale's rights or defenses without notice or consent.

### Seventeenth Affirmative Defense

Plaintiff's recovery, if any, should be reduced to the extent that either Plaintiff or any other person or entity failed to minimize, mitigate or avoid any actual or alleged liability or damage, or to the extent Plaintiff or any other person or entity was negligent in causing any of the damages alleged.

### Eighteenth Affirmative Defense

Scottsdale pleads the comparative negligence and/or comparative fault of any and all other persons or entities, including but not limited to the Named Insured under the Policy, as an affirmative defense to recovery against the Policy.

### Nineteenth Affirmative Defense

Plaintiff's claims against Scottsdale have prescribed, in whole or in part.

### Twentieth Affirmative Defense

In the alternative, and only should it be established that the Policy provides coverage as alleged (which Scottsdale specifically denies), the Policy excludes or does not provide coverage for or otherwise respond to the type of relief claimed.

### Twenty-First Affirmative Defense

In the alternative, and only should it be established that the Policy provides coverage as alleged (which Scottsdale specifically denies), any obligation under the Policy is subject to the limits of liability described in the Policy, and Scottsdale avers that coverage is barred to the extent the claims asserted exceed the Policy's limits of liability.

6

### Twenty-Second Affirmative Defense

In the alternative, and only should it be established that the Policy provides coverage as alleged (which Scottsdale specifically denies), Scottsdale is entitled to contribution, credit, or set-off against any other insurer, person, or entity which may have liability for the claims asserted.

### Twenty-Third Affirmative Defense

In the alternative, and only should it be established that the Policy provides coverage as alleged (which Scottsdale specifically denies), any obligation owed under the Policy is excess of amounts owed by any other insurer, person, or entity pursuant to the Policy's "other insurance" provisions; any policies issued by Scottsdale were not primary.

### Twenty-Fourth Affirmative Defense

In the alternative, and only should it be established that the Policy provides coverage as alleged (which Scottsdale specifically denies), the alleged damage resulted from the acts or omissions of third parties who are not covered by any policy of insurance issued by Scottsdale and/or for whom Scottsdale is in no way responsible. In such event, Scottsdale is entitled to contribution from any such third parties.

### Twenty-Fifth Affirmative Defense

Scottsdale asserts that this is a disputed claim and that it is entitled to litigate such claim without being subject to bad faith penalties and/or attorneys' fees.

### Twenty-Sixth Affirmative Defense

Scottsdale affirmatively asserts that it has, at all times, acted in good faith in the handling of this claim.

### Twenty-Seventh Affirmative Defense

Plaintiff's Petition does not describe the damages with sufficient particularity to enable Scottsdale to determine all defenses that may ultimately exist to Plaintiff's claims. Scottsdale, therefore, reserves the right to assert additional defenses that may later be discovered to be applicable, be they based on the warranties, terms, definitions, provisions, conditions, endorsements, exclusions, and limitations of the Policy or not.

WHEREFORE, Scottsdale prays that this Answer to the Petition of Plaintiff be deemed good and sufficient and that after due proceedings are had there be judgment in favor of Scottsdale and against the Plaintiff, dismissing Plaintiff's Petition at Plaintiff's sole cost.

NO.99974163.1

Scottsdale further prays for all other general and equitable relief to which it may be entitled.

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____

JAY SEVER (Bar No. 23935)
KARL H. SCHMID (Bar No. 25241)
MICAH A. GAUTREAUX (Bar No. 30516)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130 or 9007

**ATTORNEYS FOR DEFENDANT,
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading, Scottsdale Insurance Company's

Answer to the Petition of Plaintiff, has been served upon counsel of record by depositing same in

the United States mail, postage prepaid, properly addressed this 17th day of September, 2009.

_____

Micah A. Gautreaux (Bar No. 30516)

Tommy J. Johnson, Esq.
Tyler & Johnson, L.L.C.
6007 Financial Plaza, Suite 707
Shreveport, Louisiana 71129
*Attorney for Jackson Square Towne House
Homes Association, Inc.*

NO.99974163.1