UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


JACKSON SQUARE TOWNE HOUSE           CIVIL ACTION NO. 09-cv-1887
HOMES ASSOCIATION, INC.

VERSUS                               JUDGE HICKS

SCOTTSDALE INSURANCE CO.             MAGISTRATE JUDGE HORNSBY


**MEMORANDUM RULING**

**Introduction**

Jackson Square Towne House Homes Association, Inc. ("Plaintiff") is a non-profit corporation established for the purpose of serving the members of a homeowner's association. Plaintiff filed suit in state court against its liability insurer, Scottsdale Insurance Company (Defendant), for declaratory judgment in connection with a claim asserted against Plaintiff by a neighboring landowner. Defendant removed the case based on an assertion of diversity jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 7) on the grounds that Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000.

**Relevant Facts**

The first source of relevant facts is the state-court petition. Plaintiff alleged in the petition that it maintained the common ground for the homeowner's association. A driveway and perimeter wall on the common ground encroached upon the property of the Caddo Parish Levee Board, but Plaintiff was not aware of the encroachment. Water was diverted from the

driveway at that location and caused erosion to a drainage ditch on the land owned by the Levee Board.  Petition, ¶¶ 2-6.

The Levee Board requested that Plaintiff repair the erosion problem.  Plaintiff notified the Defendant insurer of the claim and asked it to pay for the repairs. Defendant replied that it was investigating the matter, but it has yet to pay for any repairs.  ¶¶ 7-10. A July 2008 letter from Defendant states that it will investigate the matter subject to a reservation of rights regarding coverage defenses. Defendant described the claim in the letter, noting that the Levee Board "claim that they have incurred costs in the amount of $36,000 to remediate the problem and that [Plaintiff] is responsible for these costs ...." Doc. 7, Ex. A.

Plaintiff's state-court petition is titled "Petition for Declaratory Judgment."  It asks in paragraph 11 for "a declaratory judgment against the defendant declaring coverage for the damages sustained by the Caddo Parish Levee Board for the erosion in the drainage ditch." The prayer of the petition asks for judgment declaring that Defendant owes coverage "for the erosion damages to the ditch owned by the Caddo Parish Levee Board."  The petition further prays "for all general and equitable relief of these proceedings."

Defendant attached material to its Notice of Removal in support of its assertion that the amount in controversy exceeds $75,000.  Exhibit B includes a proposal letter from a construction company dated June 2008 that estimates the price to correct and repair the drainage systems at $46,400.  The proposal sets forth the separate price of $10,400 to replace a wall section of a canal.

Exhibit C includes discovery responses served by Plaintiff in October 2009. Defendant asked Plaintiff to identify all alleged damages at issue in the litigation. Plaintiff referred to a letter from an engineering firm that outlined the items at issue. Defendant next asked Plaintiff to state "the specific value of all alleged damages described in response to any Interrogatory herein." Plaintiff responded that it had obtained estimates for the repairs, which it attached. Plaintiff's answer then summarized the bids. First was a bid from Johnson Construction Co., Inc. for the total amount of $70,274. Plaintiff also attached a bid from William N. Carter "that provides a breakdown of the cost with the total bid in the amount of $76,750 plus $65,850 for a total of $142,600." A review of the Carter bid suggests that the first and larger number is for the work required to repair the erosion and damage, and the second number is for the installation of catch basins, trench drains, and other work that appears to be designed to avoid future damage in the area. It is not clear whether Plaintiff claims Defendant is obligated to pay for those improvements.

Plaintiff attached to its motion to remand a post-removal affidavit from its corporate president. He testified that Plaintiff has not undertaken any repairs to the property as of this date and has only requested bids. He adds that Plaintiff "would select the bid of Johnson Construction Company submitted on August 5, 2009, in the amount of $70,274." He states that Plaintiff "considers this sum to be the amount of its damages and so stipulates." Doc. 7, Ex. D.

**Analysis**

The amount in controversy, in an action for declaratory relief, is the "value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Company, Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).  When an insurer seeks a declaratory judgment regarding coverage - which is the typical scenario - the object of the litigation is the policy, and the value of the right to be protected is the insurer's potential liability under the policy.  Id.  In this case, the insured has filed the declaratory judgment action, but the insurer's potential liability under the policy is nonetheless the relevant focus for determining the amount in controversy.

Plaintiff argues that the amount in controversy should be reduced based on consideration of the several coverage defenses raised by Defendant.  Plaintiff's "claim, whether well or ill-founded in fact, fixes the right of the defendant to remove ... ." St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586, 593 (1938).  The amount in controversy is not reduced even if from the face of the complaint the defendant has a valid defense to all or part of the claim.  Sonnier v. Republic Fire & Cas. Ins. Co., 2006 WL 3924238, *2 (W.D. La. 2006).

Defendant argues briefly that the amount in controversy is increased by the pecuniary value of the insurer's potential obligation to defend the insured for any lawsuit arising out of the damages.  Defendant cites Stonewall Ins. Co. v. Lopez, 544 F.2d 198 (5th Cir. 1976), but the insurer in that case would have been required to provide a defense in an actual,

pending state court action that had been filed against its insured.  There is nothing in the record to suggest that the Levee Board has filed or even seriously threatened a lawsuit against Plaintiff.  Defendant does not cite authority that requires the amount in controversy include potential costs of defense in this setting, so the court will not take into consideration any such speculative amount.

The ultimate question is whether, based on the materials in the record, Defendant has established that it is more likely than not that the amount in controversy exceeds $75,000. One repair estimate from 2008 is for less than $60,000 total.  Correspondence from that same time notes the Levee Board's expenses at that time were $36,000. The more recent repair estimates cite higher amounts.  There is no explanation in the record, but perhaps the amount of erosion damage increased in the interim.  One recent bid is for a little more than $70,000, and a second bid is for $76,750 for repairs that can be identified as related to the damage, plus an additional $65,850 for improvements that the record does not disclose with clarity are damages actually claimed by Plaintiff.

If the case went to trial on the current record related to damages, the verdict could exceed $75,000, but the mere prospect that the amount "may," "might," or "could well" exceed $75,000 are insufficient to satisfy the burden of presenting facts that show it is more likely than not that the requisite amount is in controversy. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).  The assessment of the amount in controversy is seldom susceptible to an exact and undebatable determination. There is almost always some degree

of subjectivity and weighing of information that is involved, and this is such a case. There are a few pieces of information provided to the court about the amount at issue, and all but one of them point to an amount less than $75,000.

It is a debatable question based on the record information provided to the court, and reasonable minds could perhaps differ, but when an issue is close the decision often depends on which party bears the burden of proof. Defendant has the burden of proving its point by a preponderance, and the undersigned is of the considered opinion that Defendant has not met its burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000.  Accordingly, the **Motion to Remand (Doc. 7)** will be granted by separate order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of February, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE